UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL PAUL CHILDS,

       Petitioner,

v.

       Case No. 1:05-cv-667
       Hon. Robert J. Jonker

BLAINE LAFLER,

       Respondent.

                             /

**REPORT AND RECOMMENDATION**

       Petitioner, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    Background**

       On November 18, 2002, petitioner pled guilty to ten counts of first degree criminal sexual conduct, contrary to M.C.L. § 750.520b(1)(a) (prohibiting "sexual penetration with another person . . . if . . . [t]hat other person is under 13 years of age"). Plea Trans. (docket no. 12). The criminal sexual conduct occurred between 2000 and 2002, and involved petitioner's step-daughter and two other girls. *Id.* at 5-7, 11,-16. Each count of first degree criminal sexual conduct carries a sentence of any term of years up to life imprisonment. *See* M.C.L. § 750.520b(1)(a). The sentencing guideline range for plaintiff was calculated at 135 to 225 months. Sent. Trans. at 5-6, 14 (docket no. 14). However, under the circumstances of this case, the Michigan Department of Corrections recommended that petitioner be sentenced to serve a term of 40 to 70 years (i.e., 480 month minimum sentence). *Id.* at 6, 10.

On December 16, 2002, the trial court sentenced petitioner to 40 to 70 years, based upon the egregious nature of the offenses: petitioner had sexual penetration with the three victims starting in 1997 when they were below the age of ten; the penetrations were too numerous to mention; he sometimes committed the offenses in the presence of more than one of the victims; petitioner's lack of genuine remorse; and his substance abuse related to the assaults. Sent. Trans. 12-13. In exceeding the sentencing guidelines, the judge agreed with the government's position that the guidelines were:

> inadequate to address this type of long-term, habitual, addictive-type of conduct with any number of victims. Certainly the guidelines do not anticipate, nor do they incorporate the fact that many of these crimes occurred with all the victims, some watching while others were victimized, some of the times while some were watching while others were victimized. The guidelines don't even touch this kind of conduct, so far as I'm concerned, and the guidelines recognize that they can be exceeded if there are substantial -- if there is a substantial and compelling basis to do so, and I clearly find this is such an instance.
>
> [Petitioner] entered pleas to criminal sexual conduct, I believe, total of seven counts -- oh, I'm sorry, total of ten counts, all of which, by themselves, are life offenses. The guidelines are anticipating that the range pursuant to the guidelines would be somewhere between 135 months and 225 months; that 11 years, 3 months, and 18 years, 9 months, with the maximum, of course, being an additional term up to life in prison. I have reviewed and at least recall, if not personally reviewed, those other cases I've handled that are similar to this, and the far greater majority, in fact almost all of the cases like this I've exceeded the guidelines and by an approximate margin that is being recommended in this case, and in the final analysis, I deem it to be appropriate.

*Id.* at 14-15.

The trial court appointed petitioner appellate counsel, who moved to correct the Presentence Investigation Report (sometimes referred to as "PSIR"). *See* Calhoun County Court "Register of Actions" (docket no. 11). The record does not include a copy of either the PSIR or the

motion to correct the PSIR. However, appellate counsel listed these objections in the brief in support of the delayed application for leave to appeal:

    a.    Under "Evaluation and Plan," paragraph 3, the whole paragraph should be stricken as it is subjective, inaccurate, and bias. Taking one sentence from this paragraph, the agent states: "This investigator views his [petitioner's] cooperativeness with investigators as another sign of his manipulative personality." Certainly, if [petitioner] was uncooperative, that would have been labeled as defiant.

    b.    Under "Agent's Description of the Offense," there are many inaccuracies. The most alarming inaccuracy is the statement on page 2, last paragraph. [Petitioner] never threatened to harm the child's mother and there was never a reference to a gun. Additionally, the investigator noted that [petitioner] was forthcoming about his behaviors in "almost an excited way . . . . [And that] he did not speak with emotional empathy, and he did not address what he did to the other two victims." This is a false statement.

    c.    Under "Family," the report inaccurately states [petitioner's] friends, relationships, and pornographic viewing habits.

    d.    Under "Marriage," the report inaccurately states that [petitioner] was "ordered to leave the family home at age 18, after he sexually molested his sisters." The final paragraph under "Marriage" on page [sic] is an incomplete and inaccurate statement.

    e.    Under "Employment" on page 6, [petitioner's] first job was at Meijer's in Battle Creek, and also worked as a representative for a company called "Majestic."

    f.    Under "Education" on page 6, [petitioner] has vocational training as he had earned a certificate in building maintenance.

    g.    Under "Substance Use and Treatment" on page 6, [petitioner] drank once or twice a year, not a week. He smoked marijuana daily only until 1996. Regarding LSD, [petitioner's] use of this drug was once or twice a year. The last paragraph under this section is also an inaccurate statement.

    h.    Under "Substance Abuse Treatment" on page 7, [petitioner] completed the program at a different treatment center.

Delayed application for leave to appeal at 5 (docket no. 15).

At the motion hearing, the trial judge denied petitioner's request to strike the "Evaluation and Plan" portion of the PSIR. Motion Hearing (April 14, 2003) at 9-10 (docket no. 13). The judge also ruled in pertinent part as follows:

> Now, there are a plethora of factual objections thereafter to the agent's description, to the family history, to marriage history, employment, education, substance abuse and substance abuse treatment. None of which there's any record here to permit the Court to rule on without further evidence. What I'm going to do is deny the request to correct set forth in Paragraph 8A. In writing, require the probation department to reply with respect to the objections in 8B, C, D, E, F, G and H, and share that in writing with Mr. Ambrose [appellate counsel] and with the Prosecutor to see if there's any middle ground that can be reached short of a hearing. If that can be done, so be it. If not, we'll have to decide what next to do. Specifically, whether objections have been waived by virtue of the record made at sentencing. But that's the ruling of the Court, all right.

Motion Hearing at 10.[1]

In an order entered April 23, 2003, the trial judge denied petitioner's motion with respect to ¶ 8a, and further ordered "that the Probation Department shall respond to the statements made within paragraphs 8b through 8h of [petitioner's] motion to correct the presentence investigation report, and provide the Court, Prosecuting Attorney, and [petitioner's] counsel with a copy of the response. *People v. Childs*, No. 02-2501-FC (Calhoun Co. Cir. Ct.) (Order, April 23, 2003) (docket no. 15).

The trial judge subsequently denied the motion to correct the PSIR in an order entered on December 17, 2003:

> The Court having received and reviewed the Circuit Court Probation Department's Case Report/Response to Motion to Amend Pre-Sentence Investigation Report, having distributed the same to counsel for both parties and having received no response/objection to the contents of the report, therefore:

---

[1] It appears that the eight objections listed in the delayed application for leave to appeal (i.e., ¶¶ "a" through "h") correspond with the eight grounds raised in petitioner's motion to correct the PSIR (i.e., ¶¶ "8A" through "8H").

>    IT IS HEREBY ORDERED, [petitioner's] Motion to Correct Pre-Sentence Investigation Report as to statements made within paragraphs 8b through 8h is DENIED.

*Id.* (Order, Dec. 17, 2003).

Petitioner presented the following issues in his delayed application for leave to appeal to the Michigan Court of Appeals:

>    I.   Did the trial court err in failing to correct the presentence investigation report?
>
>    II.  Is [petitioner] entitled to resentencing when the statutory sentencing guidelines were exceeded and the trial court's reasoning for exceeding the guideline range was not substantial and compelling?

*See* docket no. 15. The Michigan Court of Appeals denied petitioner's delayed application. *People v. Childs,* No. 253031 (Mich. App. April 9, 2004). *Id.*

Petitioner raised these two issues in his application for leave to appeal to the Michigan Supreme Court. *See* docket no. 16. Then, petitioner filed a supplemental brief raising four additional issues.

>    III. Did [petitioner] have ineffective counsel during the sentencing and other pleadings?
>
>    IV.  Did [petitioner] have enough time to review the presentence report?
>
>    V.   Should [peitioner] be allowed to show the inaccuracies and irrelevancies discovered within the presentence report?
>
>    VI.  Did [petitioner] have ineffective appellate counsel?

The Michigan Supreme Court denied petitioner's application for leave. *People v. Childs*, No. 126053 (Mich. Sept. 20, 2004). *See* docket no. 16.

Petitioner raises two new issues in his habeas petition:

5

      I.       Denial of Due Process.  Sentence was based on errors and inaccuracies in presentence investigation report.

      II.     Denial of Due Process.  Judge failed to assert on the record substantial and compelling reasons for extreme sentence departure.

### III.    Exhaustion of state court remedies

Petitioner seeks relief under 28 U.S.C. §2254 which provides that a federal district judge "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Exhaustion requires a petitioner to fairly present federal claims so that state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *Picard v. Connor*, 404 U.S. 270, 277-78 (1981);  *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A).  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to

resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court should raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

In order to properly exhaust a claim in the Michigan courts, a prisoner must fairly present his habeas issues in both the Michigan Court of Appeals and the Michigan Supreme Court. *Hafley*, 902 F.2d at 483; *Winegar v. Department of Corrections*, 435 F. Supp. 285, 289 (W.D. Mich. 1977). Unless a habeas petitioner presents the legal and factual substance of every claim to "all levels of state court review," he may not maintain a habeas corpus petition. *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987). *See Whiting v. Burt*, 395 F.3d 602, 012 (6th Cir. 2005) ("[a]s a necessary component of the exhaustion of state remedies doctrine, a petitioner's claim must be 'fairly presented' to the state courts before seeking relief in the federal courts").

In *McMeans v. Brigano*, 228 F.3d 674 (6th Cir. 2000), the Sixth Circuit identified four actions that a petitioner can take which are significant to the determination of whether the substance of a claim has been "fairly presented" to the state courts:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*McMeans*, 228 F.3d at 681 (citation omitted). In this regard, a general allegation of the denial of rights to "due process" does not fairly present a claim that a specific constitutional right was violated. *Id.* "[I]t is not enough to make a general appeal to a constitutional guarantee as broad as

7

due process to present the 'substance' of such a claim to a state court." *Gray v. Netherland*, 518 U.S. 152, 163 (1996).

Here, petitioner contends that he was denied due process at sentencing, because the PSIR contained errors and the state court judge failed to assert compelling reasons for departing from the sentencing guidelines. "It is undisputed that convicted defendants, including those who plead guilty, have a due process right to a fair sentencing procedure." *United States v. Anders*, 899 F.2d 570, 575 (6th Cir. 1990). The Supreme Court has concluded that a person "sentenced on the basis of assumptions concerning his criminal record which were materially untrue . . . is inconsistent with due process of law." *Townsend v. Burke*, 334 U.S. 736, 741(1948). *See United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988) ("[a] sentence must be set aside where the defendant can demonstrate that false information formed part of the basis for the sentence"). In such cases, "[i]t is not the duration or severity of [the] sentence that renders it constitutionally invalid; it is the careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide, that renders the proceedings lacking in due process." *Townsend*, 334 U.S. at 741.

Thus, "*Townsend* and its progeny are generally viewed as having established a due process requirement that a defendant be afforded the opportunity of rebutting derogatory information demonstrably relied upon by the sentencing judge, when such information can in fact be shown to have been materially false." *Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007) (internal quotations omitted). In raising such a due process claim, a habeas petitioner "must show, first, that the information before the sentencing court was false, and, second, that the court relied on the false information in passing sentence." *Stevens*, 851 F.2d at 143.

Petitioner did not fairly present the due process issue to the Michigan state courts. Rather, he argued that the trial court abused its discretion in failing to correct the PSIR. While petitioner's delayed application for leave to appeal to the Michigan Court of Appeals cited *Townsend* and the XIV Amendment, he characterized the issue as an abuse of discretion rather than a federal due process violation:

> A trial court's decision on a challenge to the presentence report is reviewed for an abuse of discretion, like other sentencing decisions. . . .
>
> [Petitioner] is entitled to have inaccurate or irrelevant information removed from his presentence report. This is a corollary of a defendant's due process right to have decisions affecting his liberty be made only on the basis of information that is accurate. US Const, Am XIV; Const 1963, art 1, §§ 17, 20; Townsend v. Burke, 334 US 736, 740-741; 68 S Ct 1252; 92 L Ed 1690 (1948); People v Triplett, 407 Mich 510, 515; 287 NW2d 165 (1980). The Court of Appeals has recognized that "[c]ritical decisions are made by the Department of Corrections regarding a defendant's status based upon the information contained in the presentence investigation report." People v Norman, 148 Mich App 273, 275; 384 NW2d 147 (1986).

Delayed application at 6. Petitioner's brief reference to his due process right as a "corollary" to the state law question at issue, was insufficient to "fairly present" a first due process claim for purposes of habeas exhaustion. *See, McMeans*, 228 F.3d at 681.

In addition, petitioner objected to certain comments in the PSIR that referred to him as "manipulative":

> Under the [state statute regarding preparation of the PSIR] and court rule, there are no provisions for using subjective statements of calling Defendant manipulative. Further, the statute, court rule, and case law provide that sentences and the presentence investigation report be based on accurate information. Townsend v. Burke, 334 US 736; 68 S Ct 1252; 92 L Ed 1690 (1948); People v. Malkowski, 385 Mich 244; 188 NW2d 559 (1971). . .

Delayed Application at 9. Petitioner's passing reference to *Townsend* did not fairly present a federal due process issue with respect to the subjective statements set forth in the PSIR. *See McMeans*, 228 F.3d at 681.

Furthermore, petitioner cited no authority to support his claim that the judge's decision to exceed the state sentencing guideline range violated his federal due process rights. Rather, petitioner raised this issue as a state law claim reviewable under an abuse of discretion standard. *Id.* at 11. For these reasons, petitioner's claims are unexhausted.

Petitioner has at least one available procedure to raise these arguments in state court by filing a motion for relief from judgment pursuant MCR 6.500 *et. seq.* The record reflects that petitioner has not filed a motion under MCR 6.500 *et seq.* Under Michigan law, he may file one such motion with the state trial court. *See* MCR 6.502(G)(1). As a general rule, a habeas petition containing unexhausted claims such as petitioner's should be dismissed without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 518-20 (1982). However, under 28 U.S.C. § 2254(b)(2), federal courts have the discretion to deny habeas relief on the merits regardless of whether the petitioner has exhausted his state remedies. *See Jones v. Jones*, 163 F.3d 285, 299 (6th Cir. 1998). *See, e.g.*, *Farley v. Lafler*, 193 Fed.Appx. 543, 549 (6th Cir. 2006) ("[the]AEDPA clearly provides that the district court could hear the unexhausted jury instruction claim and deny it on its merits to avoid further litigation for the sake of efficiency").

In this case, petitioner's two unexhausted claims are without merit. Accordingly, the court will exercise its discretion to review these claims pursuant to § 2254(b)(2).

### IV.     Petitioner's claims

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review pursuant to § 2254 is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct.  28 U.S.C. § 2254(e)(1).  A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous.  *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

### A.  Petitioner's sentence was based on inaccurate facts recited in PSIR ¶¶ 8b through 8h.

First, petitioner contends that his due process rights were violated when the state court's sentence was based on errors and inaccuracies in the PSIR. Petitioner's claim is without merit. The record reflects that petitioner not only had an opportunity to rebut the alleged erroneous information relied upon by the trial judge, but that he exercised that opportunity by objecting to the information in his post-sentencing motion to correct the PSIR. *See Stewart*, 503 F.3d at 495; *Stevens*, 851 F.2d at 143. Despite this opportunity, petitioner was unable to present any evidence to support his claim that the PSIR contained false information. Petitioner has failed in his burden to demonstrate both that the information before the sentencing court was false and that the court relied on that false information in passing sentence. *See Stewart*, 503 F.3d at 495; *Stevens*, 851 F.2d at 143. Accordingly, petitioner's claim should be denied.

### B.  Departure from sentencing guidelines

Next, petitioner has failed to state a federal constitutional issue with respect to the trial judge's departure from the state sentencing guidelines. Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

The state's computation of petitioner's prison term involves a matter of state law that is not cognizable on federal habeas review. *See Kipen v. Renico*, 65 Fed. Appx. 958, 959 (6th Cir. 2003); *Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is issue of state law not

cognizable in federal habeas review). Petitioner's characterization of the state trial court's departure from the sentencing guidelines as a "Denial of Due Process" does not transform his state law claim into a federal constitutional claim. *See, e.g., Austin*, 213 F.3d at 301(in rejecting petitioner's claim that the trial court's departure from the sentencing guidelines violated his federal due process rights during sentencing, the court noted that petitioner failed "to articulate the grounds upon which the trial court's departure from the Michigan Sentencing guidelines violates any federal due process right he possesses," and was "unable to substantiate a single violation of any of his constitutional guarantees to due process"); *Felicetty v. Bianco*, No. Civ. A. 02-585-JJF, 2003 WL 21402544 at *6 (D. Del. June 10, 2003) ("[A] state court's sentencing decision and claims arising out of that decision are generally not constitutionally cognizable, even if those claims are couched in terms of a due process violation") (internal quotation marks omitted).

Finally, the length of petitioner's sentence does not present a federal constitutional issue. Trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants" as long as the sentence remains within the statutory limits. *Austin*, 213 F.3d at 301, *quoting Williams v. New York*, 337 U.S. 241, 245 (1949). In this case, petitioner's sentence falls within the statutory limit of life imprisonment. M.C.L. § 750.520b(1)(a).

Accordingly, petitioner is not entitled to federal habeas relief on this state law claim.

**V.      Recommendation**

I respectfully recommend that petitioner's habeas petition be **DENIED**.  Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated:  June 9, 2008                                          /s/ Hugh W. Brenneman, Jr.
                                                              HUGH W. BRENNEMAN, JR.
                                                              United States Magistrate Judge



ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).